[No. 925.]

## THE ORR WATER DITCH COMPANY, APPELLANT, *v.* JOHN LARCOMBE, ET AL., RESPONDENTS.

BILL OF INTERPLEADER—WHAT CONSTITUTES.—In a bill of interpleader it must be shown that two or more persons have a claim against the plaintiff; that they claim the same property; that the plaintiff has no beneficial interest in the property and can not safely determine to which of the defendants it belongs.

BILL IN THE NATURE OF AN INTERPLEADER.—Is distinguished from a bill of interpleader proper in this that the complainant may seek some relief against the respective claimants to the property.

JUDGMENT ON PLEADINGS—WHEN ERRONEOUS.—In construing the pleadings: *Held*, that the court erred in rendering a decree in favor of defendant, Larcombe, for one hundred inches of water, without allowing the plaintiffs to introduce evidence, if it could, that Larcombe was not entitled to any more than thirty-five inches.

IDEM.—Where one of the defendants answered and disclaimed having any interest in the property: *Held*, that the court erred in rendering a judgment, upon the pleadings, in his favor for costs. Plaintiff had the right to show, if it could, that his disclaimer was untrue.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The material averments of the complaint are as follows: That in 1871 Alonzo Dodge agreed with the defendant, John

Larcombe, one James Sullivan, Patrick Kelly, George
Snively, T. P. Myers and Daniel Powell, to construct a water
ditch from the Truckee river, about three and a half miles
above the town of Reno down to the lands of said parties;
that in order to construct said ditch, said Alonzo Dodge
agreed to purchase from Henry Orr, a certain small ditch
then owned by him, which he used for the purpose of con-
ducting water to his land, and which was on the route con-
templated by said Alonzo Dodge for his aforesaid ditch,
agreeing to give said Orr in consideration thereof sufficient
water to irrigate his land; that Alonzo Dodge agreed to
have his ditch completed on or about the first day of April,
A. D. 1872; that on the eighth day of November, A. D. 1871,
and before the said completion thereof by him, Alonzo
Dodge executed to John Larcombe a deed of grant, bargain
and sale of one hundred inches of water in said ditch, to be
thereafter conducted therein, and afterwards executed simi-
lar deeds to the other parties to said agreement; that Alonzo
Dodge failed to complete the ditch according to his contract,
and on the fifth day of March, 1872, he was released there-
from, and said Larcombe, Powell, Snively, Myers and Alonzo
Dodge entered into an agreement with Henry Orr, as in
said complaint set forth, for him to construct said ditch on
the terms therein specified; that Henry Orr did duly con-
struct said ditch according to his said agreement, all mem-
bers except John Larcombe paying for the expenses thereof;
that on the seventeenth day of March, A. D. 1873, Henry
Orr conveyed his right, title and interest in his first men-
tioned small ditch to said Powell, Snively, Myers and
Dodge, who thereafter, on the twentieth day of March,
A. D. 1873, located the same in accordance with the laws of
the State of Nevada, said Daniel Powell owning ten shares,
and Snively, Myers and Alonzo Dodge seven shares each;
that on the twenty-ninth day of March, 1875, Alonzo Dodge
conveyed by deed, in consideration of seven hundred dollars,
his seven shares in said ditch to Henry Orr, and then ceased
to have any further or other interest therein; that at this
date the seven shares being the interest of Alonzo Dodge,
did not exceed thirty-five inches of water; that on the

twentieth day of December, A. D. 1875, said Powell, Orr, and James Gooch, Eugene Gooch, D. C. Bryant and Robert Frazer, grantees of G. W. Snively and T. P. Myers, formed an incorporation under the name of the Orr Water Ditch Company, plaintiffs, and said John Larcombe is not a member thereof; that since the first day of May, A. D., 1874, John Larcombe has used and appropriated one hundred inches of the water of said ditch, claiming the same by virtue of his deed of grant, bargain and sale of November 8, 1871, from Alonzo Dodge; that since said twenty-ninth day of March, A. D., 1875, Henry Orr claims to be the owner of all the water that said Alonzo Dodge had conveyed to him by his deed of that date, and uses the same for irrigating purposes on his land; that plaintiffs do not know to whom to give this water of Alonzo Dodge, and from whom to withhold the same, and therefore bring this action against both these parties, in order to have a final adjudication, binding upon all parties to this controversy.

To this complaint the said defendant John Larcombe demurred and afterward answered, claiming the right to use one hundred inches of water from said ditch by virtue of his aforesaid deed, dated November 8, 1871, from Alonzo Dodge. A default was entered against defendant Orr on the seventh of November, 1877.

On the twenty-third day of January, 1878, Henry Orr moved the court to set aside his default and allow him to answer, which request and motion was denied by the court. He subsequently filed an answer disclaiming any interest in the property.

At the trial, defendant John Larcombe introduced testimony to show that he was the owner of and entitled to the use of one hundred inches of water in said ditch, and rested his case.

Plaintiff offered to prove that the defendants, John Larcombe and Henry Orr, were not entitled to more than thirty-five inches of water, as stated in the complaint, by reason of any title derived from said Alonzo Dodge. This testimony was objected to. The court sustained this objection, on the ground that the only parties who could be heard

were the two defendants, John Larcombe and Henry Orr, and that the plaintiff could not be heard in opposition to John Larcombe's claim of one hundred inches of water, but that they were estopped from proving that he was not entitled to that amount of water; to all of which ruling the plaintiffs then and there duly excepted. A decree was rendered and duly entered in favor of John Larcombe for one hundred inches of water, and in favor of the defendant Orr for his costs.

*William Cain,* for Appellant:

I. Bills in the nature of an interpleader are eminently the subject of a court of equity. (Story Eq. Pl., sec. 297 b; 2 Story Eq. Jur., secs. 822, 824; *Bedell* v. *Hoffman,* 2 Paige Ch. 199; *Mohawk & H. R. R.* v. *Clute,* 4 Id. 388, 392; *Dorn* v. *Fox,* 61 N. Y. 264.)

II. There does not appear to be any settled practice in cases of this character. (*City Bank* v. *Bangs,* 2 Paige Ch. 571; 2 Story Eq. Jur., sec. 822; *Condict* v. *King,* 13 N. J. Eq. 375; U. S. Digest, 606.)

III. In this action the plaintiffs allege that thirty-five inches of water are the property of one or the other of the defendants. It may be that by his default the defendant Henry Orr admits he has no claim thereto, and hence that defendant, John Larcombe, is the owner thereof and entitled to a decree for that amount of water from plaintiffs' ditch, and is a tenant in common with them to that extent. (*Badeau* v. *Rogers & Lecord,* 2 Paige Ch. 210; *Richard* v. *Salter,* 6 Johns. Ch. 445; *Cogswell* v. *Armstrong,* 77 Ill. 139; *Aymer* v. *Gault,* 2 Paige, 283.) But when the defendant Larcombe claims more water than is admitted by plaintiffs to be due to either of the parties defendants, to wit, one hundred inches, then the plaintiff ought clearly to be heard as to this excess of sixty-five inches. (*City Bank* v. *Bangs,* 2 Paige, 570.)

IV. The court also erred in refusing the plaintiff a decree against defendant Henry Orr for the thirty-five inches of water decreed to the said defendant John Larcombe. (*Badeau* v. *Rogers,* 2 Paige Ch. 210.)

*Robert M. Clarke,* also for Appellant.

*Boardman & Varian,* for Respondent Larcombe.

There is a difficulty in the way of plaintiff which its appeal can not overcome. The complaint shows that there was and could be no dispute as to the legal title of the one hundred inches claimed by Larcombe, between Orr and Larcombe. By deed of date, November 8, 1871, Dodge conveys one hundred inches to Larcombe. Whatever interest Dodge had at this date passed to and vested in Larcombe under his deed, by virtue of the statute. The subsequent location of the ditch, under the acts of 1866 and 1869, gave the locators, Powell, Snively, Meyers and Dodge, no additional rights to the water. (*Barnes v. Sabron,* 10 Nev. 232.) Consequently Dodge's deed to Orr of March 29, 1875, conveyed no interest, because Dodge *had* no interest to convey.

*Thomas E. Haydon,* for Respondent Orr.

By the Court, HAWLEY, J.:

A bill of interpleader proper lies only where two or more persons claim the same debt or duty from the complainant. In the language of the court in *Dorn v. Fox*: "In a strict bill of interpleader the following ingredients are necessary: 1. Two or more persons must have preferred a claim against the plaintiff. 2. They must claim the same thing, whether it be a debt or duty. 3. The plaintiff must have no beneficial interest in the thing claimed. 4. It must appear that he can not determine without hazard to himself, to which of the defendants the thing, of right, belongs." (61 N. Y. 268; *Hathaway v. Foy,* 40 Mo. 540; *Cady v. Potter,* 55 Barb. 463; *Long v. Barker,* 85 Ill. 432.)

Applying these rules to plaintiff's complaint, it is apparent that it can not be treated as a bill of interpleader. It is somewhat difficult to determine the real character of the complaint. It is, to say the least, very carelessly drawn. It seems to have been the intention of plaintiff's counsel to prepare a bill of interpleader; but as soon as objections are made to it as such, he admits its insufficiency and then

claims that he is entitled to have it sustained as a bill in the nature of an interpleader.

One of the distinguishing features in bills in the nature of an interpleader seems to be that the complainant may seek some relief against the respective claimants to the property. In order to maintain a bill in the nature of an interpleader, where the plaintiff is entitled to equitable relief against the owner of the property, it must also appear that the legal title thereto is in dispute between two or more persons, and that plaintiff can not ascertain to which of said parties it actually belongs. (*The Mohawk and Hudson River Railroad Co.* v. *Clute*, 4 Paige Ch. 385; 2 Story's Eq. Jur., sec. 824.)

The complaint in this action can not be treated as a bill in the nature of an interpleader. From the facts alleged it may be that the plaintiff could sustain a separate and independent cause of action against both of the defendants; but there is nothing in the case, as stated, which would authorize the plaintiff to compel the defendants to litigate their respective rights to the property in question in this proceeding.

It may be that the court did not err in overruling the special demurrer interposed upon the ground that the complaint was ambiguous, uncertain and unintelligible, because the real objections to the pleadings were not therein particularly specified; but, be that as it may, it is evident that the court, in treating the complaint as a bill of interpleader, did err in rendering a decree in favor of the defendant Larcombe upon the pleadings and testimony, · without allowing the plaintiff to introduce evidence, as requested, to show, · if it could, that the defendant Larcombe was not entitled in any event to a decree for more than thirty-five inches of water. If the complaint, in terms, admitted that the defendant Larcombe was entitled to one hundred inches of water, as claimed by his counsel, then it did not state facts sufficient to constitute a cause of action, and the suit ought for that reason to have been dismissed. But the complaint, when read entire, does not expressly admit that Larcombe is entitled to one hundred inches of water by virtue of his

interest in the ditch derived by the deed from Alonzo Dodge, executed on the eighth day of November, 1871, but, on the other hand, it alleges that by reason of the failure of Alonzo Dodge to complete the ditch, and by reason of its completion by Henry Orr, under the agreement of March 5, 1872, the said Larcombe was entitled, if at all, to only thirty-five inches of water.

The complaint is ambiguous, indefinite and uncertain in this, that it does not state what portion of the ditch was completed under the original contract with Alonzo Dodge and what portion thereof was constructed by Henry Orr under the second agreement. It is inconsistent in this, that although it alleges that the plaintiff is ignorant of the respective rights of the defendants, and hence is unable to determine which of said parties is entitled to the interest of Alonzo Dodge in said ditch, it sets forth with minuteness of detail all the facts upon which each of the defendants rely to substantiate their respective claims.

Treating the complaint as a bill of interpleader the court also erred in rendering a judgment in favor of the defendant Orr for his costs. Admitting that it was not erroneous to allow the defendant Orr to answer after his default had been entered, and that his answer or disclaimer shows that he had no interest in the questions involved at the time of filing his answer, yet the plaintiff would have had the right to show, if it could, that his disclaimer was untrue, and that at the time of the commencement of the action, the defendant Orr did claim the certificates of stock referred to, and by virtue thereof did claim an interest in the property as alleged in the complaint.

We are not called upon by this appeal to intimate any opinion as to the respective rights of the defendant Larcombe under the deed from Alonzo Dodge, bearing date November 8, 1871, and of the other parties claiming an interest in the ditch under and by virtue of the deed executed on the twenty-ninth day of March, A. D. 1875, by Alonzo Dodge to Henry Orr. For the errors indicated the judgment must be reversed and the cause remanded. It may be that under our liberal form of pleading, the plaintiff might be able to

amend its present complaint so as to allege facts sufficient to constitute a cause of action against the defendant Larcombe.

The judgment of the district court is reversed, and the cause remanded with instructions to the district court to dismiss the suit unless the complainant moves to amend its complaint so as to show a cause of action against the defendant Larcombe.