VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.

---

JULIA FITZPATRICK, APPELLANT, *v.* MICHAEL SWEENY AND OTHERS, DEFENDANTS, BRYAN L. KENNELLY, PURCHASER, RESPONDENT.

*Marketable title — defect in description — street number will not prevail as against a measurement.*

Property purchased under a mortgage foreclosure was described as No. 247 West Sixteenth street, and as beginning 266 feet easterly from the north-easterly corner of West Sixteenth street and Eighth avenue, which was the same description contained in the deed to the mortgagor and in the mortgage. The conveyance to the grantor of the mortgagor described premises 226 feet, and not 266 feet, from the said corner.

*Held*, that the purchaser at the foreclosure sale was not bound to accept the title.

*Semble*, that if the statement in the description had been simply No. 247 West Sixteenth street, resort might be had to evidence *aliunde* the deed to show what was intended to be conveyed, but that such a rule did not apply where, as in this case, the description started from a point erroneously described.

APPEAL by the plaintiff from an order made at a Special Term, held in the county of New York, and entered in the office of the clerk of the county of New York on the 31st day of July, 1889, whereby it was ordered that Bryan L. Kennelly, the purchaser at the foreclosure sale had in the above-entitled action, under the direction of James E. Carpenter, referee, be discharged from any obligation to complete his purchase of the mortgaged premises.

*J. Hardy*, for the appellant.

*J. M. Bowers*, for the respondent.

BRADY, J. :

The piece of property sold under the foreclosure was described in a diagram as No. 247 West Sixteenth street, and as beginning

266 feet easterly from the north-easterly corner of West Sixteenth street and Eighth avenue.

It was so described in the deed conveying it to the mortgagors, and in the mortgage to the mortgagee given to secure part of the purchase-money.

The grantor was James Black, surviving executor of John Mackintosh; and by the conveyance to Mackintosh the premises were described to be 226 feet, and not 266 feet, from the corner of the street as described in the mortgage.

It is immaterial to consider how this mistake occurred. It is enough for the purpose of this appeal to know that it did occur, and that it was not corrected by any formal and proper proceeding initiated for that purpose as required by the rules of equity.

It is true that these premises were known as No. 247 West Sixteenth street, and, perhaps, if the description had contained nothing more than that, resort might be had to evidence *aliunde* the deed to show what was intended to be conveyed.

It is true, also, that, by the proceedings initiated subsequent to the sale, it becomes quite apparent that the premises which were actually conveyed by intent, if not by words, were 226 feet easterly from the Eighth avenue, and that the deed by Black was intended to convey No. 247 West Sixteenth street, as it was then known, and nothing else.

But these proceedings were based upon an order of reference made in the action of foreclosure, without notice to the purchaser, and were not, therefore, in all their essential elements, an action in equity to reform the instrument by which the purchase of 247 West Sixteenth street was designed to be accomplished.

It seems to be well established that a conveyance will be so construed as to carry into effect the intention of the parties, so far as it can be ascertained from the instrument itself, but that nothing will pass by deed except what is described therein. (*Thayer* v. *Finton*, 108 N. Y., 394; *Brookman* v. *Kurzman*, 94 id., 272.) These cases recognize the proposition already suggested, that, if the description is meagre, resort may be had to evidence to show what piece of property the grantor really intended to convey, a principle that does not apply where there are metes and bounds as in this case, the description being particular and starting, as already indicated, from a point erroneously.

It seems to be also settled that; although a court of equity may, in the exercise of its power, reform an instrument upon evidence of a mistake made, or by decree carry out the intention of the parties to a contract or their privies, it can only be done in an action by which the parties in interest may be brought into court. (*Crippen v. Baumes*, 15 Hun, 136; *Cady* v. *Potter*, 55 Barb., 463; *Fleming* v. *Burnham*, 100 N. Y., 10) 1 Story's Equity Jurisprudence (§ 165) states the rule to be that, in all cases of mistake in written instruments, courts of equity will only interfere between the original parties or those claiming under them in privity.

The title, depending upon the conveyance mentioned with its attendant defects and supported by such proceedings as were adopted herein, cannot be regarded as a marketable one. It should be free from all reasonable objection, and should not be such a one as upon examination appears to be unsupported, showing the title to a part of the premises conveyed to be in another. No purchaser should be placed in such a position of jeopardy with litigation of some kind, not only possible but probable, and particularly at a time when the spirit of the age seems to be litigious.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.