# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CONVERGENCE SYSTEMS, INC., A DOMESTIC CORPORATION, Appellant, vs. ONSITE MAMMOGRAPHY, LLC, Respondent. | No. 75523 **FILED**<br><br>DEC 19 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| CONVERGENCE SYSTEMS, INC., A DOMESTIC CORPORATION, Appellant, vs. ONSITE MAMMOGRAPHY, LLC, Respondent. | No. 76671 |
| CONVERGENCE SYSTEMS, INC., A DOMESTIC CORPORATION, Appellant, vs. ONSITE MAMMOGRAPHY, LLC, Respondent. | No. 77656 |
| CONVERGENCE SYSTEMS, INC., A DOMESTIC CORPORATION, Appellant, vs. ONSITE MAMMOGRAPHY, LLC, Respondent. | No. 77658 |

## *ORDER OF AFFIRMANCE*

These are four consolidated appeals challenging a district court final judgment and postjudgment orders granting and denying motions for attorney fees and costs. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

19-51324

The underlying matter concerned the ownership of shares in Convergence Systems, Inc. (CSI). In 2003, American OBGYN, Inc. (AOI) became the record owner of the CSI shares. In 2008, ONsite Mammography, LLC (ONsite) purchased all of the assets "related to the Business" of AOI, and AOI was subsequently dissolved. Because the asset purchase agreement did not expressly identify the shares as an asset, it was unclear whether the transfer of assets included the CSI shares. In 2014, ONsite contacted two former AOI executives about its potential ownership interest in the CSI shares. Both provided letters confirming that AOI intended for the asset purchase agreement to transfer its interest in the CSI shares to ONsite. Between 2014 and 2016, ONsite and CSI discussed ONsite's potential ownership interest in the CSI shares, but did not resolve the issue. In 2017, ONsite sued CSI, requesting (1) a declaratory judgment that it owned the CSI shares, (2) an accounting to determine the value and extent of its ownership interest, and (3) attorney fees as damages under NRCP 9(g). ONsite also made an offer of judgment, which CSI rejected.

CSI moved for dismissal and filed an interpleader counterclaim seeking discharge as a disinterested stakeholder and requesting attorney fees. ONsite moved for summary judgment. The district court denied CSI's motion to dismiss and granted in part ONsite's motion for summary judgment on ONsite's declaratory relief claim, declaring ONsite the owner of the CSI shares and a resulting dividend.[1] It denied summary judgment on ONsite's accounting claim, but found that as part of the declaratory relief judgment, ONsite was entitled to financial information to calculate the value of its shares. ONsite thus withdrew this claim before trial. Finally,

---

[1]Because the court granted ONsite declaratory relief, it determined that CSI's interpleader counterclaim was moot.

with regard to ONsite's claim for attorney fees, CSI moved to dismiss the claim and ONsite moved for summary judgment. The district court denied both parties' motions, and this claim proceeded to trial.

After a three-day bench trial, the district court denied ONsite's request for attorney fees, but clarified in a written order that ONsite could move for attorney fees under another theory. ONsite then moved for attorney fees under NRS 18.010(2)(b). The court granted the motion, awarding ONsite $82,000 as the prevailing party based on its finding that CSI maintained its defense and filed its counterclaim without reasonable grounds. ONsite moved for additional attorney fees under NRCP 68, and the court granted the motion, awarding ONsite an additional $41,800. The court also denied CSI's claim for attorney fees.

*The district court did not err in granting summary judgment in favor of ONsite on its claim for declaratory relief*

In granting ONsite declaratory relief, the district court found that the asset purchase agreement unambiguously transferred the CSI shares from AOI to ONsite, and that regardless, the parties clearly intended to include the CSI shares in the transfer of assets. CSI argues that AOI maintained an interest in the CSI shares, and thus the district court erred by failing to join AOI as a necessary party under NRS 30.130 (providing that "all persons shall be made parties who have or claim any interest which would be affected by the declaration") and NRCP 19(a) (providing that a party must be joined if in that party's absence, the court cannot accord complete relief or that party claims an interest relating to the subject of the action).

Although we disagree with the district court's characterization of the asset purchase agreement as unambiguous, we agree with its conclusion that the contracting parties intended to include the CSI shares

in the asset purchase agreement. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 488, 117 P.3d 219, 224 (2005) (holding that "[i]n interpreting a contract, the court shall effectuate the intent of the parties, which may be determined in light of the surrounding circumstances if not clear from the contract itself" (internal quotation marks omitted)). ONsite presented two letters from AOI executives confirming that AOI intended for the transfer of assets to include AOI's interest in CSI shares. Further, no other party has claimed an interest in the shares since the execution of the purchase agreement in 2008, and AOI explicitly *disclaimed* any such interest and subsequently dissolved. Thus, as AOI did not have an interest in the CSI shares, AOI was not a necessary party under NRS 30.130 or NRCP 19(a) to ONsite's 2017 action against CSI. Based on the agreement's terms, under which ONsite purchased all of AOI's assets, and unrefuted evidence showing AOI's intent to transfer the shares with the sale of its assets, we conclude that the district court properly granted summary judgment in favor of ONsite on its claim for declaratory relief.[2] *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 957, 194 P.3d 96, 100 (2008) (applying de novo standard of review in considering whether the district court properly granted summary judgment on declaratory relief claim).

After the district court declared ONsite the owner of the CSI shares, it granted supplemental relief in the form of requiring CSI to

---

[2]We agree with the district court's determination that CSI's refusal to acknowledge ONsite's ownership in the shares created a justiciable controversy under *Kress v. Corey*, 65 Nev. 1, 26, 189 P.2d 352, 364 (1948) (holding that in order to obtain declaratory relief, a justiciable controversy must exist between adverse parties) and that ONsite and CSI, which disputed ownership of the shares and refused to pay the dividend to ONsite, were adverse parties for purposes of ONsite's declaratory relief claim.

provide shareholder financial information. CSI had withheld this information during the parties' three-plus-year dispute over the shares' ownership. Thus, we perceive no error in the district court's grant of supplemental relief. *See* NRS 30.100 (providing that a district court may grant supplemental relief as part of a declaratory judgment "whenever necessary or proper").

*The district court did not err in granting declaratory relief under NRS 30.030*

ONsite filed a complaint seeking a declaratory judgment under NRS 30.030, which authorizes a district court to provide declaratory relief. The district court determined that declaratory relief was appropriate under this statute, and noted that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," citing NRCP 57. CSI argues that ONsite should have instead brought its claim under NRS 104.8401, which addresses a corporation's obligation to register the transfer of its shares. ONsite, however, was not alleging wrongful refusal to register the transfer of shares, and thus could not bring its claim under NRS 104.8401. Instead, it was seeking a declaratory judgment that it owned the CSI shares. NRS 30.030 expressly provides that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." Nothing in NRS 30.030 conflicts with 104.8401 or Article 8 of the UCC (upon which NRS 104.8401 is based), and NRS 30.030 was the appropriate statutory basis on which to bring a claim seeking a declaration as to the ownership of corporate stock. Accordingly, we conclude that declaratory relief was appropriate under NRS 30.030.

*The district court did not abuse its discretion when it awarded attorney fees under NRS 18.010(2)(b)*

The district court granted ONsite's postjudgment motion for attorney fees under NRS 18.010(2)(b), finding that ONsite was the prevailing party and that CSI maintained its defense and filed its counterclaim without reasonable grounds. CSI argues that the district court abused its discretion because ONsite was not the prevailing party and because it had reasonable grounds for maintaining its defense and filing its interpleader counterclaim. We review the district court's decision to award attorney fees for abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). An abuse of discretion occurs when "a trial court exercises its discretion in clear disregard of the guiding legal principles." *Id.* (internal quotation marks omitted).

NRS 18.010(2)(b) authorizes a court to award attorney fees to a prevailing party when it finds that a party "brought or maintained [a claim] without reasonable ground or to harass the prevailing party." A prevailing party is one who "succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit." *Las Vegas Metro Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (internal quotation marks omitted). To award such fees, there must be evidence in the record supporting the proposition "that the claim or defense was brought without reasonable ground or to harass the prevailing party." *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 485, 851 P.2d 459, 463-64 (1993) (emphasis omitted).

Here, ONsite prevailed on a significant issue in litigation (ownership of the CSI shares and the right to receive financial information). That CSI did not prevail on *every* issue in litigation does not preclude a finding that it was the prevailing party. *See Blackjack Bonding, Inc.*, 131

Nev. at 90, 343 P.3d at 615 (clarifying that "[t]o be a prevailing party, a party need not succeed on every issue"). Further, evidence in the record supports the district court's finding that CSI maintained its defense against ONsite's declaratory relief claim and filed its interpleader counterclaim without reasonable grounds. Specifically, CSI never served its interpleader counterclaim on any of the parties it named therein or presented any credible evidence of a rival interest in the CSI shares. To the contrary, ONsite presented letters from AOI executives stating that the asset purchase agreement included the transfer of the shares. ONsite also presented evidence that there were no rival claimants to the shares, as AOI and CSI both disclaimed their interest in the shares. Based on this evidence, the district court found that CSI could not reasonably believe that any other party sought to enforce a claim against ONsite for the shares, and thus that CSI maintained its defense and filed its interpleader counterclaim without reasonable grounds. *See* NRCP 22 (allowing interpleader only where a party is or may be exposed to double or multiple liability); *Orr Water Ditch Co. v. Larcombe*, 14 Nev. 53, 57 (1879) (noting that an interpleader claim "lies only where two or more persons claim the same debt or duty from the complainant").

CSI also challenges the amount of attorney fees awarded. It argues that ONsite's request for attorney fees was per se unreasonable because ONsite brought and maintained its action for the sole purpose of obtaining an award of fees. It also argues that the district court abused its discretion by awarding ONsite attorney fees incurred after the January 2018 hearing at which ONsite obtained the relief it requested.

ONsite made multiple attempts to resolve this dispute pre-litigation, thus we are not persuaded that ONsite brought and maintained

its action for the sole purpose of obtaining attorney fees. Further, the district court carefully analyzed each of the *Brunzell* factors. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969); *see Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 549 (2005) (observing that courts must consider the *Brunzell* factors when determining the amount of fees to award, even though courts are granted a wide range of discretion in determining the amount). Its award of post-hearing attorney fees was limited to fees incurred for ONsite's *successful* claims. Indeed, the district court expressly did *not* include fees for ONsite's *unsuccessful* third cause of action and pre-litigation fees, finding that CSI's opposition to ONsite's third cause of action and its pre-litigation behavior were not unreasonable.

Thus, we cannot conclude that the district court clearly disregarded guiding legal principles. *See Gunderson,* 130 Nev. at 80, 319 P.3d at 615. We therefore conclude that the district court did not abuse its discretion when it awarded fees under NRS 18.010(2)(b). *See id.*

*The district court did not abuse its discretion when it awarded attorney fees under NRCP 68*

CSI challenges the district court's award of additional attorney fees under NRCP 68.[3] Under NRCP 68(f), a district court may award post-offer attorney fees and costs to an offeror when the "offeree rejects an offer

---

[3]We conclude that CSI's additional challenges (both direct and indirect) to the district court's award of attorney fees are unpersuasive. For example, CSI argues that the district court improperly relied on *Sandy Valley Association v. Sky Ranch Estates Owners Association*, 117 Nev. 948, 35 P.3d 964 (2001), to deny CSI's motion to dismiss ONsite's request for attorney fees as damages under NRCP 9(g). The district court did not ultimately award attorney fees under this theory, and thus CSI was not aggrieved by the denial of its motion. *See* NRAP 3A(a).

and fails to obtain a more favorable judgment." In analyzing whether fees are appropriate, a trial court must evaluate, among other factors, whether the offer of judgment was reasonable by considering: (1) whether the offeree brought its claim in good faith; (2) whether the offeror's offer of judgment was brought in good faith in both timing and amount; (3) whether the offeree's decision to reject the offer of judgment was in bad faith or grossly unreasonable; and (4) whether the amount of fees requested by the offeror is reasonable and justified. *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). Based on the evidence presented at trial, the district court found that ONsite's offer was reasonable, noting that the offer was significantly less than the amount ultimately awarded to ONsite, and thus awarded post-offer attorney fees under NRCP 68.

CSI argues that ONsite did not obtain a more favorable judgment and thus is not entitled to postjudgment fees. CSI failed to raise this argument in trial court, and we therefore decline to consider it on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). CSI also argues that ONsite's motion for attorney fees under NRCP 68 was untimely; however, the district court awarded the attorney fees as a sanction pursuant to a court rule and therefore the exception to the time limit applies. NRCP 54(d)(2)(C). CSI also argues that ONsite's offer of judgment, which included $30,000 for attorney fees, was not reasonable and not brought in good faith. CSI thus argues that its rejection of ONsite's offer was not unreasonable. The district court found that ONsite's offer to take judgment in the amount of the dividend ($48,919) plus $30,000 for attorney fees was reasonable because ONsite made this offer prior to discovery and the offer was significantly less than the ultimate award. Further, the district court found that there was no evidence that ONsite's

claim or its offer were brought in bad faith. We conclude that the district court considered the appropriate factors in awarding fees and we perceive no abuse of discretion in the district court's decision. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 251, 955 P.2d 661, 672 (1998) (recognizing that a district court's decision to award fees under NRCP 68 should be overturned only when its evaluation of the relevant factors is arbitrary or capricious). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Lynne K. Simons, District Judge
      David Wasick, Settlement Judge
      Reese Kintz, LLC/Reno
      Kintz Law, PLLC/Incline Village
      Viloria, Oliphant & Aman L.L.P./Reno
      Second Judicial District Court Clerk

_____

[4]Having considered CSI's other arguments, we conclude that these arguments do not warrant reversal.